IRENE FLORES SANTIAGO, demandante y recurrida, *v.* ALBERTO DOMÍNGUEZ, su esposa MARÍA RODRÍGUEZ y la SOCIEDAD LEGAL de BIENES GANANCIALES compuesta por ambos, demandados y peticionarios.

*Número:* CC-97-506          *Resuelto:* 30 de junio de 1998

*Mario S. Collazo Colón*, de *Collazo & Collazo*, abogado de los peticionarios.

PER CURIAM: Temprano en la noche de 26 de junio de 1995, Irene Flores Santiago entró al patio de la residencia de sus vecinos, los esposos Alberto Domínguez y María Rodríguez. Allí, Flores fue mordida en la parte superior del muslo izquierdo por el perro propiedad de Domínguez y Rodríguez. En consecuencia, el 19 de julio de 1995 Flores presentó una demanda contra Domínguez, Rodríguez y la sociedad legal de gananciales integrada por ambos. Alegó que el día de los hechos se encontraba legalmente en el patio de la casa de los demandados y que la mordida del perro le causó una herida profunda que requirió atención médica en el centro de salud de Juana Díaz y tratamiento posterior. Adujo que los demandados eran responsables solidariamente según el Art. 1805 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 5144.[1] Solicitó el resarcimiento de los daños, que estimó en $10,000, más gastos, costas y honorarios de abogado. No pidió por angustias mentales.

En su contestación, los demandados negaron que la demandante se hubiera encontrado legalmente en el patio de

---

[1] Dicho artículo dispone:

"*Sec. 5144. Perjuicios causados por animales*

"El poseedor de un animal, o el que se sirve de él, es responsable de los perjuicios que causare, aunque se le escape o extravíe. Sólo cesará esta responsabilidad en el caso de que el daño proviniera de fuerza mayor o de culpa del que lo hubiese sufrido." 31 L.P.R.A. sec. 5144.

su residencia. Alegaron, además, que la demanda no justificaba la concesión de un remedio; que la demandante asumió el riesgo al entrar a la casa sin tener permiso, sabiendo que había allí un perro; que el incidente fue un caso fortuito o provocado por culpa de la víctima, y que la cuantía reclamada por los daños era exagerada.

Luego de los trámites procesales de rigor, el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Juana Díaz, emitió una sentencia el 7 de noviembre de 1996, que fue notificada el día siguiente. Determinó que el testimonio de la demandante fue, en varios aspectos, ilógico, incongruente e inconsistente, por lo cual no le mereció ninguna credibilidad. A juicio del tribunal de instancia, la demandante no estableció si tenía permiso para entrar a la residencia de los demandados. Sólo se probó, mediante el testimonio de ambas partes, que éstas tenían relaciones de amistad entre sí. Además, la demandante se contradijo en cuanto a si alguno de los demandados la invitó a que entrara en la casa, en cuanto al tiempo que estuvo en el patio de ésta y en cuanto a la duración de la mordida del perro. También hubo marcadas contradicciones entre el testimonio de la demandante y el del testigo, doctor Berríos, médico que la atendió *diecinueve días después de la mordida.* Éste testificó que la mordida no desgarró tejido y que, como consecuencia de ello, la demandante no tuvo ni tendrá incapacidad alguna. Señaló, además, que la demandante es el tipo de paciente que llega al consultorio inventándose cosas y enfermedades que no existen, y que le gusta crear problemas.

La prueba demostró, además, a satisfacción del tribunal, que no había controversia alguna en cuanto a las medidas de precaución que tomaban los demandados con el perro, incluyendo amarrarlo y tener un letrero de advertencia en el exterior de su casa. La propia demandante admitió que, de ordinario, los demandantes mantenían a su perro amarrado cuando ella los visitaba. Concluyó el

foro de instancia que el incidente constituyó un caso fortuito, por lo cual los demandados estaban exentos de responsabilidad, al amparo del mencionado Art. 1805 del Código Civil. En consecuencia, y considerando también que la mordida del perro no le había causado daños a la demandante, el foro de instancia desestimó la demanda.

Inconforme con esta decisión, la demandante Flores apeló el 9 de diciembre de 1996 ante el Tribunal de Circuito de Apelaciones, Circuito Regional de Ponce y Aibonito. Tras varios trámites procesales, el foro apelativo, en decisión dividida, revocó la sentencia del tribunal de instancia. Entre otras cosas, concluyó que la prueba presentada por las partes refleja que no hubo negligencia de la demandante y que el tribunal de instancia estaba obligado a determinar que los demandados fueron negligentes. Fundamentó su decisión en que la demandante presentó prueba completa, mientras que la que aportaron los demandados fue incompleta. Devolvió el caso al Tribunal de Primera Instancia y ordenó a éste fijar los daños de la demandante y emitir la sentencia correspondiente. El Juez Aponte Jiménez emitió una opinión disidente. En ella expresó su parecer de que de la exposición narrativa de la prueba se desprendía que fue correcta la apreciación de hechos formulada por el tribunal de instancia. Opinó que el conflicto de prueba fue dilucidado por el juez de instancia, al evaluar el testimonio de la demandante y no darle crédito a éste.

Oportunamente, Domínguez y Rodríguez acudieron ante nos mediante una solicitud de *certiorari*. Señalaron como error que el Tribunal de Circuito de Apelaciones hubiese sustituido su propia apreciación de la prueba por la realizada por el Tribunal de Primera Instancia, en ausencia de prejuicios, parcialidad o error manifiesto.[2]

El 21 de noviembre de 1997 emitimos una resolución en

---

[2] También imputaron al Tribunal de Circuito de Apelaciones resolver erróneamente que la defensa de caso fortuito no tenía apoyo en la prueba.

la cual concedimos a la parte recurrida (Flores) el término de 30 días para mostrar causa por la cual no debiera revocarse la sentencia del Tribunal de Circuito de Apelaciones y reinstalar la del Tribunal de Primera Instancia. Dado que dicha parte *no compareció*, procedemos a resolver conforme a lo intimado.

## II

■ Analizado minuciosamente el expediente del caso ante nos, debemos resolver conforme a las determinaciones de hecho del Tribunal de Primera Instancia. Las determinaciones de ese foro no nos producen insatisfacción de conciencia ni estremecen nuestro sentido de justicia el así hacerlo, por lo que no debemos intervenir con ellas. *López Vicil v. ITT Intermedia, Inc.*, 142 D.P.R. 857 (1997); *Pueblo v. Cabán Torres*, 117 D.P.R. 645 (1986). El foro apelativo no observó las claras normas de nuestro ordenamiento sobre el particular y erró al sustituir indebidamente el criterio del Tribunal de Primera Instancia por el suyo.

■ Reiteradamente hemos expresado la norma fundamental de que un tribunal apelativo no debe intervenir con las determinaciones de hecho ni con la adjudicación de credibilidad que haya hecho el juzgador de hechos, excepto en casos en que éste haya incurrido en prejuicio o error manifiesto. *López Vicil v. ITT Intermedia, Inc.*, supra; *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139 (1996); *Pueblo v. Bonilla Romero*, 120 D.P.R. 92 (1987); *Vélez v. Srio. de Justicia*, 115 D.P.R. 533 (1984); *Ortiz v. Cruz Pabón*, 103 D.P.R. 939 (1975); *Rodríguez v. Concreto Mixto, Inc.*, 98 D.P.R. 579 (1970). "Ello es particularmente cierto cuando están en cuestión elementos altamente subjetivos .... En tales casos, el juzgador de los hechos, que oyó y vio declarar a los testigos, y apreció su *demeanor,* es quien está indudablemente en la mejor posición para aquilatar la

prueba testifical desfilada." *López Vicil v. ITT Intermedia, Inc.*, supra, pág. 865. Véase *Ortiz v. Cruz Pabón*, supra.

En el caso de autos, el foro apelativo ni siquiera señaló error manifiesto alguno cometido por el tribunal de instancia. Tampoco se fundamentó en la existencia de pasión, prejuicio o parcialidad en la sentencia recurrida como fundamento para revocarla.

En el caso de autos hubo prueba conflictiva sobre aspectos centrales de lo que aconteció. Pero reiteradamente hemos resuelto que cuando existe conflicto entre las pruebas corresponde precisamente al juzgador de los hechos dirimirlo. *López Vicil v. ITT Intermedia, Inc.*, supra; *Sanabria v. Sucn. González*, 82 D.P.R. 885 (1961); *Méndez v. Kraidman*, 63 D.P.R. 281 (1944); *Hermida & Palos v. Gestera*, 23 D.P.R. 100 (1915); *Banco de Puerto Rico v. Sucesión Font*, 14 D.P.R. 578 (1908).

■     En este caso, las determinaciones de hecho formuladas por el Tribunal de Primera Instancia, según surge de la exposición narrativa, son correctas por estar bien sostenidas por la prueba a la cual dicho foro le dio credibilidad. Éstas demuestran que se configuró la culpa de la perjudicada en el caso de autos, lo cual constituye uno de los dos supuestos que eximen de responsabilidad a los dueños del animal que le atacó. Art. 1805 del Código Civil, *supra*. La propia demandante desencadenó con sus acciones la secuencia de eventos y, dado que se probó también que los dueños del perro tomaron las precauciones indispensables para evitar daños al público en general y a sus vecinos en particular —*Infante v. Leith*, 85 D.P.R. 26 (1962)— procedía exonerar a los demandados de toda responsabilidad.[3]

---

[3] Toda vez que consideramos que es correcto el resultado al cual llegó el tribunal de instancia, aunque por un fundamento distinto, no intervendremos con éste. Es una norma claramente establecida en nuestro ordenamiento que la revisión de una sentencia se da contra su resultado, no contra sus fundamentos. *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1997); *Piñeiro v. Int'l Air Serv. of P.R., Inc.*, 140 D.P.R. 343 (1996); *Vélez Rodríguez v. Amaro Cora*, 138 D.P.R. 182 (1995);

*Rivera Pérez v. Carlo Aymat*, 104 D.P.R. 693 (1976). Véanse, también: *López Mejías v. Gifford*, 89 D.P.R. 470 (1963); *Serrano v. López*, 79 D.P.R. 979 (1957); *Ferrer v. Rivera*, 56 D.P.R. 504 (1940).

Finalmente, es menester señalar que, conforme a lo demostrado por la prueba, no obstante el hecho no controvertido de la mordida, Flores Santiago no sufrió daño alguno de consideración. La mordida no tuvo consecuencias.

Por todos los fundamentos antes expuestos, *debe revocarse la resolución recurrida del Tribunal de Circuito de Apelaciones y, en su lugar, reinstalarse la sentencia desestimatoria del Tribunal de Primera Instancia.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurrió sin opinión escrita. El Juez Presidente Señor Andréu García no intervino.

---

*Álvarez Figueredo v. González Lamela*, 134 D.P.R. 374 (1993); *Toledo Maldonado v. Cartagena Ortiz*, 132 D.P.R. 249 (1992).