Feliciano Acevedo, Jueza Ponente
TEXTO COMPLETO DE LA RESOLUCION
Esther Daisy Crespo Deynes (en adelante la apelante) acude ante nos solicitando revisemos y revoquemos la Orden de Protección emitida por el Tribunal de Primera Instancia, Sala Municipal de Moca, el 9 de junio de 2003, al amparo de la Ley de Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, según enmendada (en adelante la Ley Núm. 54). Con el beneficio de la comparecencia de la parte apelada, Alejandro Jiménez Ramírez, resolvemos.
I
Las partes de epígrafe estuvieron casadas entre sí. Previo a obtener su divorcio, el Sr. Jiménez Ramírez solicitó al TPI una Orden de Protección al amparo de la Ley Núm. 54, supra. El 22 de noviembre de 2002, el foro de instancia, luego de escuchar a ambas partes, emitió la orden solicitada. De la misma se desprende que la apelada entró al negocio donde trabajaba el apelado en forma desafiante y provocadora, dando paso a un forcejeo por la libreta del inventario de monturas. En virtud de ello, el TPI expidió la orden de protección por un término de seis (6) meses, a vencer el 22 de mayo de 2003.
Una vez se divorcian, la apelante solicitó al TPI la división de los gananciales. Así las cosas, el apelado presentó el 20 de mayo de 2003 moción por derecho propio solicitando una extensión de la orden de protección toda vez que “sigue el pleito civil que generó el acto culposo de la Sra. Esther Crespo Deynes”. (Moción por Derecho Propio, Apéndice II, Escrito de Apelación). La parte apelante solicitó a través de una moción de desestimación, que se declarara sin lugar la moción del apelado, ya que no aducía hechos que ameritaran la concesión del remedio solicitado. El TPI denegó lo solicitado y citó a vista.
El 9 de junio de 2003, el TPI celebró la vista con la participación de ambas partes. De los escritos *624 presentados por las partes se desprende que la única prueba recibida por el foro de instancia fue el testimonio del apelado. Así pues, el TPI extendió la orden de protección, colocando una nota al margen de la orden emitida previamente en la que indica “EXTENDIDA HASTA 31 DICIEMBRE 2003”.
En desacuerdo, la apelante aduce ante nos que:

“Erró el Honorable Tribunal de Primera Instancia, Sala Municipal de Moca, al extender una Orden de Protección bajo la Ley 54 para la Prevención de Violencia Doméstica cuando la petición no demuestra hechos o actos de que la apelante haya violado la orden de protección previa, que el peticionario tuviera temor y de la propia petición de orden de protección surge que la razón por la cual se solicita la misma es por que existe un casi civil entre las partes cuando en dicho caso el apelante tiene dos representaciones legales. ”

II
Ley Núm. 54, supra, tiene como propósito establecer una serie de medidas dirigidas a combatir y prevenir la violencia doméstica en Puerto Rico. Pizarro Rivera v. Nicot Santana, 2000 J.T.S. 144. El estatuto dispone que cualquier persona puede solicitar los remedios civiles que la ley provee para su favor o en beneficio de cualquier otra persona que sufra de incapacidad mental o física y sufra de violencia doméstica en cualquiera de sus modalidades. El proceso puede originarse de algunas de las siguientes formas: (1) mediante la radicación de una petición verbal o escrita; (2) dentro de cualquier caso pendiente entre las partes; (3) a solicitud del Ministerio Fiscal en un procedimiento penal, o como condición para conceder una probatoria o libertad condicional. (Art. 2.3 de la Ley Núm. 54, 8 L.P.R.A. § 623.) Posteriormente, los procedimientos se guían por las Reglas de Procedimiento Civil, en la medida en que sus disposiciones no menoscaben el fin primordial de la ley de proveer remedios efectivos para la protección y ayuda a familias víctimas de la violencia doméstica. (Art. 5.3 de la Ley Núm. 54, 8 L.P.R.A. § 663.)
Dentro de dichas medidas, se faculta a los jueces para expedir órdenes de protección a las víctimas de violencia doméstica. Dicha orden puede ser expedida cuando el Tribunal determine que existen motivos suficientes para creer que la parte peticionaria ha sido víctima de violencia doméstica. Pizarro Rivera v. Nicot Santana, supra.
En el caso de marras, el apelado presentó, conforme dispone la Ley, su petición por derecho propio alegando que continuaba pendiente el caso civil entre las partes que generó la situación de violencia sufrida por éste, por lo cual solicitaba se extendiese el término de la orden de protección previamente obtenida a su favor. La apelante aduce ante nos que de dicha alegación no surgían hechos que ameritaran la concesión de una orden de protección, por lo cual el foro de instancia erró en su proceder. Sin embargo, el peticionario arguye que la orden de protección fue concedida a la luz de la prueba desfilada ante el TPI, la cual consistió de su testimonio oral.
Ciertamente, de la alegación contenida en la moción por derecho propio presentada por el apelante no se desprende que hubiese ocurrido otro incidente de violencia entre las partes, pero puede entenderse de ella que el apelante guardaba temor de que el mismo se generase nuevamente a raíz del procedimiento de división de bienes que encaraban las partes.
La Regla 6.1 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, R. 6.1, dispone que la demanda sólo tiene que contener “una relación sucinta y sencilla de la reclamación demostrativa de que el peticionario tiene derecho a un remedio”. En tomo a dicho asunto, el Tribunal Supremo de Puerto Rico ha expresado que bajo nuestro ordenamiento, el demandante no viene obligado a realizar alegaciones minuciosas y técnicamente perfectas, sino que se le permite limitarse a bosquejar a grandes rasgos su reclamación, mediante una exposición sucinta y sencilla de los hechos. Alamo Pérez v. Supermercado Grande, 2002 J.T.S. 124; Agosto v. Mun. de Río Grande, 143 D.P.R. 174, 178 (1997). Ello porque tiene el propósito de informar a la parte contraria *625 a grosso modo de las reclamaciones presentadas en su contra a los fines de que pueda comparecer a defenderse si lo desea. León García v. Restaurante El Tropical, 2001 J.T.S. 84.
Entendemos que el testimonio del Sr. Jiménez Ramírez tuvo el propósito de ampliar y sustentar sus alegaciones iniciales. Por el contrario, la apelante no presentó prueba a su favor que moviese al foro apelado a denegar la solicitud del apelado. En fin, el foro de instancia tuvo la oportunidad de examinar el testimonio del Sr. Jiménez Ramírez y a base a ello extender la orden previamente emitida.
Finalmente, reiteradamente se ha resuelto que los foros apelativos no intervendrán con la apreciación y adjudicación de credibilidad que en relación a la prueba testifical haya realizado el juzgador de los hechos en primera instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Es sabido que las determinaciones del foro apelado, son merecedoras de gran deferencia por parte de este Tribunal de Circuito de Apelaciones por cuanto es ese juzgador quien, de ordinario, está en mejor posición para aquilatar la prueba testifical desfilada, ya que fue él quien oyó y vio declarar a los testigos. Flores v. Sociedad de Gananciales, 146 D.P.R. 45 (1998); López v. I.T.T. Intermedia, 142 D.P.R. 857 (1997); Pueblo v. Chévere Heredia, 139 D.P.R. 1 (1995). Benítez Guzmán v. García Merced, 126 D.P.R. 302, 308 (1990); Pueblo v. Cabán Torres, 117 D.P.R. 645 (1987).
Ya que la apelante no alega que el foro de instancia haya actuado movido por la pasión, el prejuicio o parcializadamente, estamos impedidos de alterar la determinación apelada, toda vez que la misma está fundada en los hechos creídos por el foro de instancia inicialmente el 22 de noviembre de 2002.
III
A la luz de los fundamentos antes esbozados, se confirma la Orden de Protección extendida.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General