Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| REPARTO SAMÁN, INC.<br><br>**Peticionaria**<br><br><br>V.<br><br>DIÓCESIS DE MAYAGÜEZ<br><br>**Recurrida** | KLAN202400479[1] | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Cabo Rojo<br><br>Civil. Núm. CB2022CV00494<br><br>Sobre: Cumplimiento Específico, Revocación de Donación |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de mayo de 2024.

El 13 de mayo de 2024, Reparto Samán, Inc. (Reparto o peticionaria) compareció ante nos mediante una *Petición de Certiorari* y solicitó la revisión de una *Resolución* que se dictó 8 de abril de 2024 y se notificó el 12 de abril de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la solicitud de Sentencia Sumaria que presentó Reparto.

Por los fundamentos que expondremos a continuación, ***denegamos*** el recurso de epígrafe.

I.

El 12 de septiembre de 2022, la peticionaria presentó una *Demanda* sobre cumplimiento específico y revocación de donación en contra de la Diócesis de Mayagüez (la Diócesis o recurrida). En

---

[1] Hacemos constar que, por error o inadvertencia, la Secretaría de este Tribunal le asignó al presente recurso el núm. de caso KLAN202400479 a pesar de que la parte peticionaria recurrió de una *Resolución* y, por ende, presentó una *Petición de Certiorari*. Por lo tanto, aclaramos que acogemos el presente recurso como un *certiorari* por ser el recurso adecuado para la revisión del dictamen recurrido. Sin embargo, para fines administrativos, mantenemos la codificación alfanumérica que la Secretaría de este foro le asignó al caso.

Número Identificador

RES2024 _____

esta, alegó que era dueña en pleno dominio de un terreno ubicado en el Municipio de Cabo Rojo y que mediante la Escritura Núm. 1 otorgada el 30 de enero de 1996 (la Escritura) se lo donó a la Diócesis. Adujo que la donación fue inscrita en el Registro de la Propiedad y se hizo con la condición de que se construyera una iglesia en cumplimiento con las normas de construcción de la Junta de Planificación y de la Administración de Reglamentos y Permisos del Estado Libre Asociado. Planteó que así se hizo constar en el párrafo segundo de la Escritura. Sin embargo, sostuvo que pasaron 26 años de haberse otorgado la Escritura y la Diócesis no había construido la iglesia y tampoco comenzado alguna gestión para ello. Así pues, le solicitó al TPI a que le ordenara a la Diócesis a que cumpliera con la obligación de construir la iglesia en el predio donado, según la condición que se estipuló en la Escritura. En la alternativa, solicitó que se ordenara la revocación de la donación.

En respuesta, el 30 de octubre de 2022, la Diócesis presentó una *Contestación a la Demanda*. En esta, indicó que en la inscripción de la donación no se hizo constar condición de la donación ni restricción de uso al predio. Sin embargo, admitió que en efecto se hizo constar la condición de que toda construcción que se realizara en el terreno debía cumplir con las normas de construcción de la Junta de Planificación y de la Administración de Reglamentos y Permisos del Estado Libre Asociado. Asimismo, admitió que no se había comenzado a construir la iglesia en el predio, pero que tenía una oferta de compra del terreno y que, si se daba dicha compraventa, utilizaría el dinero para construir una iglesia en otro predio cercano al donado. Razonó que, con ello, la obligación quedaría satisfecha. Por último, como parte de sus defensas afirmativas, indicó que la Demanda estaba prescrita y que el derecho de revocar la donación había caducado.

Posteriormente, el 29 de diciembre de 2023, Reparto presentó una *Moción de Sentencia Sumaria.* En esencia, expuso veinticinco (25) hechos esenciales y pertinentes que, a su juicio, no estaban en controversia. Argumentó que, conforme a los hechos incontrovertidos, la prueba documental que se incluyó como parte de la solicitud y el derecho aplicable, era evidente que hubo un contrato de donación entre las partes y que, a través de este, se le impuso a la Diócesis la carga de construir una iglesia en el terreno donado y que esta última incumplió con esta obligación. Por lo tanto, argumentó que procedía dictar Sentencia Sumaria y que se declarara la revocación de la donación conforme al Art. 589 del Código Civil de 1930, 31 LPRA sec. 2044.

El 5 de febrero de 2024, la recurrida presentó una *Contestación a Solicitud de Sentencia Sumaria y Solicitud de Sentencia Sumaria por Prescripción.* En esta, se limitó a enumerar veintidós (22) hechos que, a su juicio, no estaban en controversia y a base de estos y el derecho aplicable, argumentó que la construcción de la iglesia era una obligación personal accesoria y que el derecho de exigir su cumplimiento había prescrito por haber transcurrido 26 años sin que la peticionaria ejerciera o reclamara dicho cumplimiento. A tales efectos, solicitó que se declarara No Ha Lugar la solicitud de sentencia sumaria de Reparto y se declarara Ha Lugar su sentencia sumaria por prescripción y, en consecuencia, se desestimara la Demanda.

Así pues, el 6 de marzo de 2024, Reparto presentó una *Oposición a Solicitud de Sentencia Sumaria por Prescripción.* En síntesis, argumentó que la condición de construir la iglesia era una obligación principal, no secundaria ni accesoria. Específicamente, puntualizó que la donación del terreno fue una modal también conocida como donación con gravamen, con carga o onerosa. Explicó que, en ese tipo de donaciones, el incumplimiento con la

carga por parte del donatario le concedía el derecho al donante para revocar la donación bajo el Art. 589 del Código Civil de 1930, *supra*, y requerir la devolución de la cosa donada al donante. Señaló que el incumplimiento era un acto continuo que no precisaba un día específico en el que comenzara a transcurrir un plazo para ejercer la acción. Por otro lado, sostuvo que la recurrida incumplió con la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V., R. 36.3 ya que no presentó evidencia para controvertir ninguno de los hechos materiales y pertinentes que se expusieron en la solicitud de sentencia sumaria por lo que todos se debían dar por incontrovertidos. En virtud de lo antes expuesto, solicitó que se declarara No Ha Lugar la solicitud de sentencia sumaria por prescripción y reiteró que se decretara la revocación de la donación y se ordenara la restitución del terreno.

Evaluadas las posturas de ambas partes, el 8 de abril de 2024, el TPI dictó una *Resolución* la cual notificó el 12 de abril de 2024. En esta, realizó las siguientes determinaciones de hechos:

1. Que la parte demandante, Reparto Samán era la dueña del terreno, hoy en posesión del demandado, Diócesis de Mayagüez, objeto del presente litigio.

2. Que el demandante mediante escritura pública realizó la donación del terreno a la demandada.

3. Que no hay controversia entre las partes, que la propiedad descrita en el párrafo PRIMERO de la escritura es la propiedad donada por el demandante al demandado y que el párrafo SEGUNDO se establece las normas y condiciones de la donación.

4. Que el terreno donado por la demandante al demandado se utilizaría para la construcción de una iglesia.

5. Que la construcción de la iglesia debía cumplir con las normas de construcción de la Junta de Planificación y de la Administración de Reglamentos y Permisos del ELA.

6. Que el terreno donado consta inscrito en el Registro de la Propiedad, junto a la escritura de donación.

7. Que en el Registro de la propiedad no surge limitación alguna del terreno donado.

8. Que en el Registro de la Propiedad no surge que la donación este condicionada a la construcción de la iglesia.

Luego expresó que tenía dudas en cuanto al propósito de la donación y las razones por las cuales la Diócesis no cumplió con la construcción de la iglesia en el terreno donado por lo que existían hechos en controversia que impedían que se dictara sentencia sumaria. Particularmente, los hechos controvertidos según el TPI son los siguientes:

1. La parte demandante, sostiene que la donación realizada se hizo con la condición esencial de que se construyera una iglesia en cumplimiento con las normas establecidas por las agencias pertinentes.

2. La parte demandada alega que lo único que es una condición es que es la construcción de la iglesia en cumplimiento con las normas y permisos de las agencias gubernamentales.

De este modo, concluyó que se tenía que celebrar un juicio en su fondo para pasar juicio sobre los acuerdos pactados en la escritura de donación, y si la donación se hizo conforme a derecho. Consecuentemente declaró No Ha Lugar a ambas mociones de sentencia sumaria que presentaron las partes y le ordenó a la peticionaria a presentar en el término de quince (15) días una certificación registral para acreditar a nombre de quien está inscrito el terreno que fue donado y una certificación del departamento de hacienda sobre la planilla relacionada con la donación.

Inconforme con este dictamen, el 13 de mayo de 2024, Reparto presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

**Erró el Tribunal de Instancia al no resolver mediante sentencia sumaria la revocación de la donación de Reparto Samán a la Diócesis de Mayagüez por su incumplimiento con la carga o condición que le fuera impuesta de construir una iglesia en el terreno donado.**

Atendido el recurso, el 15 de mayo de 2024, emitimos una *Resolución* concediéndole a la recurrida hasta el 24 de mayo de 2024

para presentar su postura en cuanto al recurso. La Diócesis solicitó prórroga para presentar su postura y le concedimos hasta el 30 de mayo de 2024 para presentarla. Oportunamente, la recurrida presentó una *Moción en Cumplimiento de Orden* [...] y en esta negó que el TPI cometiera el error que Reparto le imputó. Con el beneficio de la comparecencia de ambas partes procedemos a resolver el asunto ante nos. *Veamos.*

II.

-A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de

Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

En otros términos, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de

derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

-B-

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil, 32 LPRA. Ap. V, R. 36, tiene el propósito primordial de proveer una solución justa, rápida y económica en aquellos casos en que surja de forma clara que no existen controversias materiales de hechos que requieren ventilarse en un juicio plenario y el derecho así lo permita. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015).

Particularmente, la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2, permite que cualquier parte presente una moción, basada o no en declaraciones juradas, para que se dicte sentencia sumaria a su favor sobre la totalidad o alguna parte de la reclamación. *Municipio de Añasco v. ASES et al.*, 188 DPR 307, 326 (2013). Al solicitar dicho remedio, la parte que promueve la sentencia sumaria "deberá establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, o sea, sobre ningún componente de la causa de acción". Íd.

Solicitada la sentencia sumaria basada en declaraciones juradas o en documentos admisibles en evidencia, la parte que se opone a la sentencia sumaria no puede tomar una actitud pasiva y descansar en las aseveraciones o negaciones consignadas en su alegación. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 677 (2018). Por el contrario, dicha parte tiene que refutar los hechos alegados y sustanciar su posición con prueba consistente en contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente. Íd. Es decir, esa persona viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente

en su solicitud puesto que, si incumple con lo antes mencionado corre el riesgo de que se dicte sentencia es su contra. Regla 36.3 de Procedimiento Civil, *supra*; *SLG Zapata- Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013).

Ahora bien, según estableció el Tribunal Supremo en el caso *Verá v. Dr. Bravo*, 161 DPR 308, 334-335 (2004), los foros revisores utilizarán los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una sentencia sumaria. Sobre el particular, en *Meléndez González et al. v. M. Cuebas,* supra*,* pág. 118, el Tribunal Supremo estableció que al revisar una determinación del foro primario en la que se concedió o denegó una moción de sentencia sumaria debemos: (1) examinar de *novo* el expediente; (2) revisar que la moción de sentencia sumaria y su oposición cumplan con los requisitos de forma codificados en la Regla 36 de Procedimiento Civil, *supra,* y con los discutidos en *SLG Zapata- Rivera v. J. Montalvo, supra;* (3) en el caso de una revisión de una sentencia dictada sumariamente, debemos revisar si en realidad existen hechos materiales en controversia, y de haberlos, exponer concretamente cuáles están en controversia y cuáles no; y (4) de encontrar que los hechos materiales no están en controversia, debemos revisar de *novo* si el TPI aplicó correctamente el derecho. Véase, además, *Rivera Matos, et al. v. Triple-S et al.,* 204 DPR 1010, 1025 (2020).

Del mismo modo, el Tribunal Supremo ha reiterado que a menos que existan circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto y que la apreciación de la prueba se distancie de la realidad fáctica o esta sea inherentemente imposible o increíble, el tribunal apelativo deberá abstenerse de intervenir con las determinaciones de hechos, la apreciación de la prueba y las adjudicaciones de credibilidad hechas por el juzgador de los hechos. *Flores v. Soc. de Gananciales,*

146 DPR 45, 49 (1998). En otras palabras, las determinaciones que hace el juzgador de los hechos no deben ser descartadas arbitrariamente ni tampoco deben sustituirse por el criterio del foro apelativo, a menos que de la prueba admitida surja que no existe base suficiente que apoye tal determinación. *Rolón v. Charlie Car Rental Inc.,* 148 DPR 420, 433 (1999).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de primera instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones