Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **LIZETTE MARTÍNEZ ORTIZ**<br><br>Parte Apelante<br><br>v.<br><br>EDNA L. MORALES H/N/C VIAJEROS'S BAKERY & FULANO DE TAL<br><br>Parte Apelada | KLAN202401011 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2023CV01048<br><br>Sobre: Ley de Represalia en el Empleo (Ley Núm. 115-1991) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, Juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2025.

El 12 de noviembre de 2024, la señora Lizette Martínez Ortíz (apelante o señora Martínez Ortíz) presentó el recurso de apelación de epígrafe en el que solicitó que revoquemos la *Sentencia* emitida el 30 de octubre de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce. Mediante esta determinación, declaró No Ha Lugar la *Querella* presentada por la apelante y, consecuentemente, la desestimó con perjuicio.[1] Posteriormente, el 12 de mayo de 2025, la apelante presentó un *Alegato suplementario.*

Por su parte, el 2 de junio de 2025, Edna L. Morales h/n/c Viajeros Bakery (apelada o Viajeros Bakery) presentó un *Alegato.*

Examinados los escritos a la luz del derecho aplicable, la transcripción de prueba oral del juicio en su fondo y por los fundamentos que expondremos a continuación, se *confirma* la *Sentencia* apelada.

---

[1] *Sentencia,* Apéndice del recurso, págs. 472-487.

Número Identificador
SEN2024_____

**I.**

El 16 de abril de 2023, la señora Martínez Ortíz radicó una *Querella* en contra de la apelada mediante el procedimiento sumario.[2] Adujo que fue despedida injustificadamente y en represalias por acudir al foro judicial a denunciar un patrón de maltrato emocional en su contra, por parte del esposo de la apelada. Según alegó, este le realizaba improperios y malos tratos en horas de trabajo por lo que acudió a solicitar una orden de protección al amparo de la Ley Núm. 121-2019. Arguyó que, como resultado, la apelada comenzó un patrón de hostigamiento laboral en su contra, imponiéndole condiciones de trabajo onerosas, con el propósito de lograr que la apelante se viera impedida de cumplir con sus tareas para así justificar su despido. Ante ello, reclamó el pago de la mesada, una compensación por los daños y perjuicios sufridos, así como el pago de las costas, gastos y honorarios de abogados.

El 21 de abril de 2023, Viajeros Bakery presentó una *Contestación a querella* en la que negó las alegaciones de la querella y alegó afirmativamente que la señora Martínez Ortíz cuenta con un historial de amonestaciones y suspensiones por comportamiento y que ésta fue despedida por insubordinación al negarse a realizar las labores de su puesto.[3]

Después de varios trámites procesales innecesarios de pormenorizar, el TPI celebró un juicio en su fondo los días 18, 22 y 25 de octubre de 2024, el cual quedó recogido en la transcripción de la prueba oral (TPO). La prueba testifical de la apelante consistió en el testimonio de la Dra. Rebecca Hernandez[4], como perito de ocurrencia; la apelada[5], como testigo hostil; y la apelante[6]. Por parte

---

[2] *Querella,* Apéndice del recuso, págs. 1-3.
[3] *Contestación a la querella,* Apéndice del recurso, págs. 4-5.
[4] TPO del 18 de octubre de 2024, págs. 2-12.
[5] Íd., págs. 12-47.
[6] TPO del 22 de octubre de 2024, págs. 2-32.

de la apelada, testificó el Sr. José Miranda[7] (esposo de la señora Edna Morales), Astrid Romero[8], Lydia Cintrón[9], Rubén Acevedo[10] y Elfrida Gonzalez[11], todos empleados de Viajeros Bakery. También, se admitió y marcó prueba documental. Consecuentemente, el 30 de octubre de 2024, el TPI dictó *Sentencia*.[12] En dicho dictamen, formuló las siguientes determinaciones de hechos:

1. La querellante comenzó a laborar para la querellada Viajeros Bakery allá para el mes de marzo de 2009 como empleada de mantenimiento mediante un contrato de emple[o] sin tiempo determinado.

2. Durante los 14 años que trabaj[ó] la querellante como empleada de mantenimiento lleg[ó] a devengar un salario de $8.50 por hora.

3. La querellante durante sus años de servicios recibió hojas de deberes y responsabilidades, así como en diciembre de 2020 le entregaron un Manual de Empleados.

4. La querellante recibió varios memos, amonestaciones y suspensiones por incumplir con sus deberes y no seguir las instrucciones de sus superiores.

5. En el 2023 surgió una discusión entre la querellante y el testigo José Miranda Miranda por la limpieza de un baño que concluyó con una orden de protección en el Tribunal de Juana Diaz bajo el caso PL1212023-01514.

6. La querellante entre los meses de febrero y marzo recibió tres (3) amonestaciones por situaciones similares a años anteriores por no seguir instrucciones, negarse a cumplir su trabajo.

7. El 31 de marzo de 2023 la querellante recibió una orden de la Sra. Edna Morales propietaria de Viajeros Bakery la cual se negó a cumplir expresando "que no era burra de carga..." e indicó rotundamente que "no lo iba a hacer.["]

---

[7] Íd., págs. 33-43.
[8] Íd., págs. 43-56.
[9] Íd., págs. 56-61.
[10] Íd., págs. 62-66.
[11] TPO del 25 de octubre de 2024, págs. 1-43.
[12] *Sentencia,* Apéndice del recurso, págs. 472-487.

8. El 2 de abril de 2023 la querellante fue despedida mediante carta.

El TPI concluyó que no existió un patrón en contra de la apelante por parte de la apelada, posterior a que obtuvo la orden de protección y que ésta ya había recibido múltiples memos, amonestaciones y suspensiones en el trabajo, por la misma razón que fue despedida. Por ello, declaró No Ha Lugar la *Querella*.

Inconforme con la determinación, la señora Martínez Ortíz presentó el recurso de apelación de epígrafe en el que le imputó al TPI la comisión del siguiente error:

Incidió de forma manifiesta el Tribunal de Primera Instancia como cuestión de hecho y de derecho, al declarar No Ha Lugar la *Querella*.

El 5 de mayo de 2025, la apelante presentó la TPO estipulada. Posteriormente, el 12 de mayo de 2025, la apelante presentó un *Alegato suplementario.*

Por su parte, el 2 de junio de 2025, la apelada presentó un *Alegato.*

**II.**

**A.**

Los tribunales apelativos no intervendrán con las determinaciones de hechos ni las adjudicaciones de credibilidad realizadas por el TPI, al menos que dicho foro haya incurrido en error manifiesto, pasión, prejuicio o parcialidad.[13] Un juzgador incurre en pasión, prejuicio o parcialidad cuando actúa "movido por inclinaciones personales de tal intensidad que adopta posiciones, preferencias o rechazos con respecto a las partes o sus causas que no admiten cuestionamiento, sin importar la prueba recibida en sala e incluso antes de que someta prueba alguna".[14] Por otro lado, incurre en error manifiesto cuando la apreciación de la prueba se

---

[13] *Rivera Menéndez v. Action Service*, 185 DPR 431, 444 (2012); *S.L.G. Rivera Carrasquillo v. AAA*, 177 DPR 345, 356 (2009).
[14] *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 782 (2013).

aparta de la realidad fáctica o es inherentemente imposible o increíble.[15]

Los tribunales superiores sólo podrán intervenir con las conclusiones cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico sobre la totalidad de la prueba.[16] Lo anterior se debe a que los jueces del foro primario son quienes están en mejor posición de aquilatar la prueba y adjudicar credibilidad incluyendo observar el comportamiento de los testigos mientras ofrecen su testimonio.[17] No obstante, los foros apelativos solo cuentan con *"récords mudos e inexpresivos".*[18] Por lo tanto, son pocos los casos en donde se ha concluido que el foro de instancia incurrió en pasión, prejuicio, parcialidad o error manifiesto.[19]

Conforme a la Regla 42.2 de Procedimiento Civil,[20] "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de los testigos". La intervención de un foro apelativo con la evaluación de la prueba testifical procede "'en casos en que un análisis integral de dicha prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que estremezca nuestro sentido básico de justicia'".[21] Por ende, la parte apelante que cuestione una determinación de hechos realizada por el foro primario debe fundamentar la existencia de pasión, prejuicio o parcialidad, o error manifiesto.[22]

---

[15] *Pueblo v. Toro Martínez*, 200 DPR 834, 859 (2018).

[16] *González Hernández v. González Hernández*, 181 DPR 746, 777 (2011).

[17] *Ortiz Ortiz v. Medtronic Puerto Rico Operations, Co.*, 209 DPR 759, 778-779 (2022); *Santiago Ortiz v. Real Legacy Assurance Company, Inc.*, 206 DPR 194, 219 (2021).

[18] *Rivera Torres v. Díaz López*, 207 DPR 636, 658 (2021) (*citando a S.L.G. Rivera Carrasquillo v. AAA*, supra, pág. 356).

[19] *Dávila Nieves v. Meléndez Marín*, supra, pág. 771.

[20] Regla 42.2 de Procedimiento Civil, supra, R. 42.2.

[21] *S.L.G. Rivera Carrasquillo v. AAA*, supra, pág. 356 (*citando Pueblo v. Cabán Torres*, 117 DPR 645, 648 (1986)).

[22] *S.L.G. Rivera Carrasquillo v. AAA*, supra, pág. 356; *Flores v. Soc. de Gananciales*, 146 DPR 45, 50 (1998).

Ahora bien, a pesar de la deferencia judicial, cuando las conclusiones de hecho del TPI están basadas en prueba pericial o documental, el tribunal revisor se encuentra en la misma posición que el foro recurrido.[23] Ante tales circunstancias, el Tribunal Apelativo tendrá facultad para adoptar su propio criterio con relación a la apreciación y evaluación de la prueba pericial, e incluso para descartarla, aunque resulte técnicamente correcta.[24] De igual modo, podrán sustituir el criterio de los tribunales de primera instancia cuando, a tenor con la prueba admitida, no exista base suficiente que apoye su determinación.[25]

**B.**

En nuestro sistema jurídico no se prohíbe el despido de un empleado.[26] Simplemente se protege el derecho del obrero a la tenencia de su empleo de una forma más efectiva, a la vez que se le otorga remedios más justicieros y esenciales, luego de un despido injustificado.[27] Por ejemplo, la Ley Núm. 80-1976 le impone al patrono el pago de una mesada, si se despide injustificadamente al empleado que trabaja a tiempo completo.[28] Por lo tanto, este estatuto busca proteger el derecho de los trabajadores frente a acciones arbitrarias y caprichosas de los patronos.[29]

La Ley Núm. 80-1976 no establece específicamente qué constituye un despido injustificado. Sin embargo, menciona varios escenarios que liberan al patrono de responsabilidad. Algunos de estos supuestos están basados en conducta atribuible al empleado, mientras que otras responden al curso decisorio de la gerencia empresarial.[30]

---

[23] *González Hernández v. González Hernández*, supra, pág. 777.
[24] *Íd.*; *Municipio de Loíza v. Sucns. De Suárez et al.*, 154 DPR 333, 363 (2001).
[25] *Pueblo v. Hernández Doble*, 210 DPR 850, 865 (2022); *Gómez Márquez v. Periódico el Oriental Inc.*, 203 DPR 783, 794 (2020).
[26] *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 982 (2022).
[27] Ley Núm. 80-1976, supra (Exposición de Motivos).
[28] *Íd.*, sec. 185a; *Segarra Rivera v. Int'l. Shipping et al.*, supra, pág. 983.
[29] Ley Núm. 80-1976, supra.
[30] *Segarra Rivera v. Int'l. Shipping et al.*, supra, pág. 983; *Indulac v. Unión*, 207 DPR 279, 298-299 (2021).

En cuanto a la conducta del empleado, se ha dispuesto que se considerarán como justa causa para el despido las siguientes acciones: (1) ha exhibido un patrón de conducta impropia o desordenada; (2) no ha cumplido con sus labores de manera eficiente, ha realizado su trabajo tarde o negligentemente o en violación a las normas aplicables, o (3) ha violado reiteradamente aquellas reglas y reglamentos razonablemente establecidos para la operación del establecimiento y los cuales le han sido suministrados oportunamente.[31] Ahora bien, el Tribunal Supremo ha expresado que las circunstancias representativas de justa causa, según enumeradas en el Art. 2 de la Ley Núm. 80-1976 constituyen meros ejemplos de acontecimientos asociados a un despido.[32]

A su vez, el citado Art. 2 de la Ley Núm. 80-1976 dispone que no se considerará despido por justa causa aquel que se hace por mero capricho del patrono o sin razón relacionada con el buen y normal funcionamiento del establecimiento.[33] Por ello, la Ley Núm. 80-1976 "no favorece el despido como sanción a la primera falta cometida por un empleado".[34]

En cuanto al proceso probatorio en casos de despido injustificado, la Ley Núm. 80-1976 establece una presunción –a favor del empleado- de que todo despido es injustificado. Ahora bien, para que se active tal presunción, éste debe demostrar que: (1) fue empleado de un comercio, industria u otro negocio; (2) que su contrato era por tiempo indeterminado; (3) que recibía remuneración por su trabajo; y (4) que fue despedido de su puesto.[35]

Activada la presunción, el patrono demandado tiene el peso de la prueba para establecer que el despido fue justificado.[36] "Para

---

[31] 29 LPRA sec. 185b.
[32] *León Torres v. Rivera Lebrón*, 204 DPR 20, 38 (2020).
[33] 29 LPRA sec. 185b.
[34] *Secretario del Trabajo v. I.T.T.*, 108 DPR 536, 543 (1979), citado en *Indulac v. Unión*, supra, pág. 19.
[35] *Rivera Figueroa v. The Fuller Brush Co.*, supra, págs. 906-907.
[36] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 428 (2013).

ello tiene que probar, mediante preponderancia de la evidencia, los hechos constitutivos de alguno de los fundamentos eximentes de responsabilidad según consignados en el Art. 2 de la Ley [Núm.] 80".[37] De igual forma, el patrono está obligado a establecer un nexo causal entre la razón o razones aducidas como justa causa y el despido.[38] De lo contrario, el hecho presumido -despido injustificado- sobrevive. Por ende, el tribunal deberá concluir que no hubo justa causa para el despido y proveerle al afectado el remedio de la mesada.

## c.

De otra parte, nuestro ordenamiento jurídico provee una causa de acción a los empleados que sean despedidos, amenazados o víctimas de discrimen en su empleo por ofrecer testimonio en un foro legislativo, administrativo o judicial.[39] Esta causa de acción se encuentra amparada bajo la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, conocida como *Ley de Represalias contra el empleado por Ofrecer Testimonio* (Ley Núm. 115-1991). En síntesis, la Ley Núm. 115-1991, prohíbe a un patrono incurrir en actos de represalia en contra de su empleado por razón de que este participe en alguna actividad protegida por la referida ley.[40]

En lo pertinente, el Art. 2 de la Ley Núm. 115-1991, dispone lo siguiente:

(a) Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas

---

[37] Íd., pág. 429.
[38] Íd.
[39] *Santiago Nieves v. Braulio Agosto Motors*, 197 DPR 369, 376 (2017); *Rentas Santiago v. Autogermana, Inc.*, 182 DPR 759, 765 (2011).
[40] *Santiago Nieves v. Braulio Agosto Motors*, supra, págs. 377-378; *Cordero Jiménez v. UPR*, 188 DPR 129, 135-136 (2013); *Rentas Santiago v. Autogermana, Inc,* supra, pág. 766.

expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

(b) Cualquier persona que alegue una violación a esta Ley podrá instar una acción civil en contra del patrono dentro de tres (3) años de la fecha en que ocurrió dicha violación y solicitar se le compense por los daños reales sufridos, las angustias mentales, la restitución en el empleo, los salarios dejados de devengar, beneficios y honorarios de abogado. La responsabilidad del patrono con relación a los daños y a los salarios dejados de devengar, será el doble de la cuantía que se determine causó la violación a las disposiciones de esta Ley.

(c) El empleado deberá probar la violación mediante evidencia directa o circunstancial. El empleado podrá además establecer un caso prima facie de violación a la ley probando que participó en una actividad protegida por esta Ley y que fue subsiguientemente despedido, amenazado o discriminado en su contra de su empleo. Una vez establecido lo anterior, el patrono deberá alegar y fundamentar una razón legítima y no discriminatoria para el despido. De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido.[41]

El Tribunal Supremo ha expresado que, cuando un patrono infringe el Art. 2 de la Ley 115-1991 tal estatuto le provee al empleado una causa de acción contra su patrono, en virtud de la cual podrá exigir compensación por daños sufridos, angustias mentales, restitución en el empleo, salarios dejados de devengar, beneficios y honorarios de abogados.[42]

Respecto al inciso (c) del Art. 2 de la Ley 115-1991, nuestro máximo foro ha dispuesto que, con el fin de tener una causa de acción bajo esta disposición es necesario que el empleado pruebe que (1) participó en una actividad protegida por ley, y, (2) que subsiguientemente fue despedido, amenazado o sufrió discrimen en el empleo.[43] Con relación al primer criterio esbozado, el Tribunal Supremo ha determinado que el alcance de la protección no solo se centra en expresiones realizadas en procesos investigativos, sino que se extiende a cualquier testimonio o información hecho por el empleado en cualquier foro bajo cualquier procedimiento.[44] Por otro

---

[41] 29 LPRA sec. 194b.
[42] *Rentas Santiago v. Autogermana, Inc.,* supra, págs. 766-767; *Cordero Jiménez v. UPR*, supra, pág. 137. *Santiago Nieves v. Braulio Agosto Motors,* supra, pág. 377.
[43] *Feliciano Martes v. Sheraton*, 182 DPR 368, 393-394 (2011).
[44] *Íd.,* págs. 394-395.

lado, con respecto al segundo criterio, el Tribunal Supremo expresó que es necesario que el empleado afectado provea suficiente evidencia indirecta con el fin de confirmar la existencia de un nexo causal entre su participación en la actividad protegida y la subsiguiente acción adversa comedita por el patrono.[45] Cuando un empleado pretenda establecer su caso *prima facie*, basta con que compruebe que la acción adversa experimentada ocurrió al poco tiempo de haber incurrido en la alegada actividad protegida.[46] Es decir, la proximidad temporal será suficiente para establecer su caso *prima facie*.[47] No obstante, en las situaciones donde no se configure el periodo catalogado como poco tiempo, se requerirá que el empleado demuestre la existencia de un nexo causal entre la acción protegida y la acción adversa.[48] Cónsono con lo anterior, el empleado deberá presentar evidencia estableciendo lo siguiente: (1) que fue tratado de forma distinta a otros empleados; (2) que existió un patrón de conducta antagonista en su contra; (3) que las razones articuladas por el patrono para fundamentar su acción adversa están plagadas de inconsistencias; o (4) cualquier otra evidencia que obre en el expediente para establecer el elemento del nexo causal.[49] Si el empleado logra evidenciar los dos criterios anteriormente esbozados, queda entonces establecido su caso *prima facie* por represalias, así activándose una presunción *juris tantum* de violación a la Ley Núm. 115-1991.[50] Consiguientemente, conforme al Art. 2 de la Ley 115-1991, el peso de la prueba pasa al patrono, éste tendrá que rebatir la presunción, probando que la acción tomada en contra del empleado estuvo debidamente fundamentada y libre de represiones.[51] Si el patrono logra demostrar que su acción

---

[45] *Rentas Santiago v. Autogermana, Inc,* supra, pág. 767.
[46] *Íd.*
[47] *Feliciano Martes v. Sheraton*, supra, pág. 399.
[48] *Íd.,* pág. 400.
[49] *Íd.*
[50] *Santiago v. Autogermana, Inc,* supra, pág. 767.
[51] *Íd.*

fue justificada, el empleado deberá demostrar que lo alegado por el patrono es un pretexto para la acción adversa.[52]

**III.**

En este caso, debemos resolver si el TPI actuó correctamente al declarar No Ha Lugar la *Querella* presentada por la señora Martínez Ortíz por despido injustificado y represalias.

Luego de celebrado el juicio, el TPI resolvió que la apelante no contó con los elementos necesarios para establecer ambas causas de acción. El TPI determinó como un hecho probado que la apelante recibió múltiples memos, amonestaciones y suspensiones por incumplir con sus deberes y responsabilidades y por no seguir las instrucciones de sus superiores. Además, concluyó que no hubo patrón alguno en su contra posterior a que obtuviera la orden de protección.

En su recurso de apelación, la apelante alegó que, cuando menos, la prueba lleva a la conclusión de que hubo un despido injustificado. Arguyó que el 31 de marzo de 2023 la apelada le impuso una tarea onerosa –disponer de una bolsa de basura– que la exponía a riesgo para su salud. Adujo que mediante la prueba se demostró que la bolsa pesaba y que requería de ejercicio físico para disponer de ella sin equipo ni protección alguna.

Por su parte, Viajeros Bakery arguyó que el despido obedeció a un comportamiento insubordinado que alteró el funcionamiento de la empresa. Adujo que no fue solo el suceso del 31 de marzo de 2023, sino que hubo un patrón de comportamiento y violaciones anteriores al reglamento por el cual había sido sancionada.

Tras evaluar la totalidad del expediente, no encontramos motivo alguno para interferir con la apreciación realizada por el TPI. Las determinaciones de hechos encuentran apoyo en la prueba

---

[52] *Íd.*

documental y en los testimonios que fueron vertidos en el juicio y a los que el foro primario le concedió credibilidad.

En este caso, la prueba presentada y creída por el foro primario demostró que el despido de la señora Martínez Ortíz obedeció a un patrón de insubordinación y, por ende, justificado. El TPI les confirió credibilidad a los testimonios de varios compañeros de trabajo de la señora Martínez Ortíz sobre su comportamiento en Viajeros Bakery. También, se desfiló prueba de varios memos y amonestaciones dirigidas a la apelante, por las distintas administraciones de Viajero Bakery. Los memos y amonestaciones estaban relacionados a sus funciones como empleada de mantenimiento. Nótese que, el 3 y 10 de marzo de 2023, Viajeros Bakery le entregó amonestaciones a la apelante por incumplimiento con sus deberes y responsabilidades. El despido se efectuó el 2 de abril de 2023. Es decir, la prueba que se pasó en juicio demostró que el incidente por no disponer de la bolsa de basura el día 31 de marzo de 2023 no fue el primero.

En el listado de los deberes y responsabilidades como empleado de mantenimiento del Manual del empleado de Viajeros Bakery, se menciona que será su deber, entre otros, limpiar los baños, vaciar los zafacones y la prohibición del uso de lenguaje obsceno y de índole sexual o de doble sentido. Además, surge del expediente de autos que, la apelante recibió un recordatorio de sus deberes y responsabilidades luego de que recibió un memo por incumplimiento con estos. Según quedó recogido en la TPO, a la señora Martínez Ortíz se le llamó la atención en varias ocasiones por dejar de hacer funciones de su puesto como empleada de mantenimiento, especialmente, con sacar la basura de las distintas áreas de trabajo y la limpieza de los baños de Viajeros Bakery.

De otra parte, la apelante alegó que, a partir del momento en que obtuvo a su favor una orden de protección al amparo de la Ley

Núm. 121-2019 contra el Sr. Miranda, esposo de la dueña de Viajeros Bakery, comenzó un patrón de hostigamiento laboral en su contra por parte de la apelada. No obstante, la prueba presentada demostró que la apelante incurrió en un patrón de violación del reglamento establecido por Viajeros Bakery para su puesto como empleada de mantenimiento, el cual le habían suministrado. No hubo prueba suficiente para demostrar que la instrucción del 31 de marzo de 2023 de sacar la bolsa de basura era una tarea onerosa con el objetivo de provocar un despido, cuando ésta era una tarea habitual de la apelante y por la cual no demostró haber presentado queja por su peso o falta de equipo con anterioridad a estos hechos. Por su parte, la apelada sí demostró que el despido fue justificado y no en represalias ni por puro capricho.

En este caso, determinamos que el TPI no abusó de su discreción en su determinación, pues no incurrió en pasión, perjuicio, parcialidad o error manifiesto. En virtud de lo antes expuesto, le otorgamos deferencia al TPI con relación a la determinación de hechos y apreciación de la prueba testifical, y resolvemos que no incidió en el error señalado por la apelante. Por ello, se *confirma* la *Sentencia* apelada.

**IV.**

Por los fundamentos que anteceden, se confirma la *Sentencia* apelada.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones