Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| EDWIN OLIVO CRUZ<br><br>Parte Peticionaria<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Parte Recurrida | TA2025CE00430 | *Certiorari Procedente Del Tribunal de Primera Instancia Sala Municipal de Toa Baja*<br><br>Caso núm.: DHAC2025-0846<br><br>Sobre: Recurso de Revisión de Multa Administrativa. |
| EDWIN OLIVO CRUZ<br><br>Parte Peticionaria<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Parte Recurrida | TA2025CE00432 | *Certiorari Procedente Del Tribunal de Primera Instancia Sala Municipal de Toa Baja*<br><br>*Caso núm.: DHAC2025-0847*<br><br>*Sobre: Recurso de Revisión de Multa Administrativa.* |
| EDWIN OLIVO CRUZ<br><br>Parte Peticionaria<br><br>v.<br><br>DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS<br><br>Parte Recurrida | TA2025CE00433 | *Certiorari Procedente Del Tribunal de Primera Instancia Sala Municipal de Toa Baja*<br><br>*Caso núm.: DHAC2025-0848*<br><br>*Sobre: Recurso de Revisión de Multa Administrativa.* |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Juez Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 3 de octubre de 2025.

El 9 de septiembre de 2025, el señor Edwin Olivo Cruz (el señor Olivo Cruz o peticionario), por derecho propio, presentó un

recurso de *Revisión de Decisión Administrativa*, asignado el alfanumérico TA2025CE00430, en el que solicitó que revoquemos la *Resolución sobre Recurso de Revisión de multa administrativa de tránsito*[1] emitida y notificada el 13 de agosto de 2025 por el Tribunal de Primera Instancia, Sala Municipal de Toa Baja (TPI o foro primario).[2]  En el aludido dictamen, el TPI declaró No Ha Lugar el recurso de revisión judicial con respecto al boleto número 155258.

Ese mismo día, el señor Olivo Cruz instó ante nos un recurso de *Revisión de Decisión Administrativa*, por derecho propio, bajo el alfanumérico TA2025CE00432, en el que suplicó que esta Curia revoque la *Resolución sobre Recurso de Revisión de multa administrativa de tránsito* emitida y notificada el 13 de agosto de 2025 por el TPI en la que resolvió que no procedía el recurso de revisión judicial con relación al boleto número 155227.[3]

El mismo día, el peticionario radicó otro recurso de *Revisión de Decisión Administrativa*, por derecho propio, el cual fue asignado el alfanumérico TA2025CE00433, en el que le rogó a este Tribunal de Apelaciones que revoque la *Resolución sobre Recurso de Revisión de multa administrativa de tránsito* emitida y notificada el 13 de agosto de 2025 por el foro primario en la que determinó que no concedería el recurso de revisión judicial instado por el peticionario en atención al boleto número 155226.[4]

El 10 de septiembre de 2025, emitimos una *Resolución* en la que ordenamos la consolidación de los recursos presentados por el señor Olivo Cruz.

Por los fundamentos que expondremos a continuación, denegamos la expedición del auto de *certiorari*.

---

[1] El presente recurso se acogerá como un *certiorari* tras solicitar la revisión de una *Resolución* emitida por el TPI.
[2] Apéndice del Recurso de Revisión Administrativa, *Resolución sobre Recurso de Revisión de multa administrativa de tránsito*.
[3] *Íd.*
[4] *Íd.*

**I.**

Según consta en el recurso ante nuestra consideración, el caso de epígrafe tiene su origen cuando el 18 de junio de 2025, el Agente Edwin Rosario Córdova expidió tres (3) boletos de tránsitos por infracciones a la *Ley de Vehículos y Tránsito de Puerto Rico*, Ley Núm. 22 de 7 de enero de 2000 (Ley Núm. 22-2000), según enmendada, 9 LPRA sec. 5001, *et. seq*, a nombre del conductor infractor, el peticionario, quien conducía un *Dodge Caravan* con tablilla KKS054.[5]

El 11 de julio de 2025, el peticionario instó un recurso de revisión judicial ante el foro primario en el que le solicitó que revisara las multas de tránsito expedidas en su contra.[6]

El 13 de agosto de 2025, el TPI emitió una *Resolución sobre Recurso de Revisión de multa administrativa de tránsito* en la indicó que el Agente Edwin Rosario Córdova compareció a la vista de revisión judicial, sobre las multas de tránsito que le impuso al peticionario. Así pues, evaluada la prueba ante su consideración, el TPI declaró No Ha Lugar el recurso de revisión judicial.[7]

Inconforme, el 9 de septiembre de 2025, el señor Olivo Cruz incoó un recurso titulado *Revisión de Decisión Administrativa* en la que no formuló un señalamiento de error. Sin embargo, esta Curia razona que el peticionario compareció ante nos ante su insatisfacción con la resolución emitida por el *foro a quo*.

En atención a nuestra *Resolución*, el 25 de septiembre de 2025, el Departamento de Transportación y Obras Públicas (DTOP o parte recurrida) radicó una *Solicitud de Desestimación y Escrito en Cumplimiento de Resolución*.

---

[5] *Íd.*, Recurso de Revisión de Multa Administrativa de Tránsito.
[6] *Íd.*, *Resolución sobre Recurso de Revisión de multa administrativa de tránsito*.
[7] *Íd.*

El 1 de octubre de 2025, el señor Olivo Cruz presentó una *Réplica* con respecto a la *Solicitud de Desestimación y Escrito en Cumplimiento de Resolución.*

Ante ello, damos por perfeccionado el recurso ante nuestra consideración.

Con el beneficio de la comparecencia entre las partes, procederemos a resolver el caso de epígrafe.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023). Véase, además, *IG Builders et al v. BBVAPR,* 185 DPR 307, 337 (2012); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 596 (2011). Cónsono con lo anterior, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone en lo pertinente lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso. En aras de ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, Regla __ del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone los criterios a considerar para poder atender o no las controversias ante su consideración. *BPPR v. SLG Gómez-López*, 213 DPR 314 (2023). Véase, *Rivera et al. v. Arcos Dorados et al.*, *supra*; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Los criterios que debemos considerar son los siguientes:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro

de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. *Torres Martínez v. Torres Ghigliotty, supra*, pág. 97.

**B.**

Como parte del debido proceso de ley, una persona puede acudir ante el foro primario para impugnar un boleto de tránsito que haya sido expedido por infringir las disposiciones de la Ley Núm. 22-2000. *Torres v. Municipio Autónomo de San Juan*, 208 DPR 586, 595-596 (2022). Para cumplir con el debido proceso de ley, debe de constar en el boleto la información acerca del proceso de revisión judicial que establece la Ley Núm. 22-2000. *Torres v. Municipio Autónomo de San Juan, supra*, pág. 596. El Art. 5.004 de la *Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003*, Ley Núm. 201 de 22 de agosto de 2003, según enmendada, 4 LPRA sec. 25d, le confiere jurisdicción a los jueces municipales para atender una revisión por la expedición de un boleto administrativo conforme las disposiciones de la Ley Núm. 22-2000. Los jueces municipales atenderán y resolverán los recursos de revisión de un boleto administrativo expedido al amparo de la Ley Núm. 22-2000. Art. 23.05 de la Ley Núm. 22-2000, *supra* sec. 5685; *Torres v. Municipio Autónomo de San Juan, supra*, pág. 596. Así pues, el Art. 23.05 de la Ley Núm. 22-2000, *supra* sec. 5685, dispone los términos y los remedios que tiene una persona para cuestionar cuando un boleto de tránsito ha sido expedido en su contra. Particularmente, el Art. 23.05 (l) de la Ley Núm. 22-200, *supra,* establece que una persona afectada por una multa de tránsito podrá solicitar un recurso de revisión judicial dentro del término de treinta (30) días a partir de la fecha de la notificación de la multa administrativa. *Hernández v. Secretario*, 164 DPR 390, 397-398 (2005).

Destacamos que, un tribunal apelativo no debe intervenir con las determinaciones de hecho ni la adjudicación de la credibilidad

que haya hecho el juzgador de hechos, salvo que el *foro a quo* haya incurrido en prejuicio o error manifiesto. *Flores v. Soc. de Ganaciales*, 146 DPR 45, 49 (1998), citando a: *Quiñones López v. Manzano Pozas*, 141 D.P.R. 139 (1996); *Pueblo v. Bonilla Romero*, 120 D.P.R. 92 (1987); *Vélez v. Srio. de Justicia*, 115 D.P.R. 533 (1984).

## C.

La Ordenanza Municipal Núm. 15 Serie 201-2020 del Municipio de Toa Baja (Ordenanza Municipal Núm. 15) versa sobre las sanciones que puede imponer el Municipio de Toa Baja con respecto a imponer sanciones por un conductor cometer infracciones de tránsito. En atención a la controversia ante nos, la Segunda Sección de la Ordenanza Municipal Núm. 15 dispone el *Proceso de Revisión, Recargos e Incentivo para el pago a tiempo de multas administrativas.* Dicha sección establece que un conductor tiene treinta (30) días a partir de la fecha de la expedición del boleto para pagar el mismo. Empero, cuando un dueño de vehículo de motor, el conductor, el concesionario de venta o el pasajero afectado por la multa de tránsito tiene treinta (30) días desde la fecha en que fue notificado del boleto para presentar un recurso de revisión judicial en la Secretaría del Tribunal de Primera Instancia, Sala Superior de Justicia, Sala de Toa Baja. Ordenanza Municipal Núm. 15.

Luego de que el peticionario haya radicado el recurso, este le deberá notificar al Comisionado de la Policía Municipal de Toa Baja dentro del término de cinco (5) días desde la presentación del recurso de revisión judicial. Ordenanza Municipal Núm. 15. Luego el Comisionado de la Policía Municipal tiene diez (10) días, a partir de la notificación del recurso de revisión judicial, para elevar al Tribunal una copia certificada de los documentos que obren en el

expediente de los boletos impugnados. Ordenanza Municipal Núm. 15.

Una vez el Tribunal reciba los documentos, el *foro a quo* señalará la vista acerca la revisión judicial, en un término no mayor de sesenta (60) días contados desde que el foro primario haya recibido los documentos del expediente. Ordenanza Municipal Núm. 15. Celebrada la vista, el Tribunal de Primera Instancia tendrá un término de cinco (5) días, partiendo de la fecha de la celebración de la vista, para emitir una *Resolución* indicando la determinación con relación a la impugnación de los boletos. Ordenanza Municipal Núm. 15. Así pues, el Comisionado de la Policía Municipal y el peticionario serán notificados de la *Resolución* dentro del término de (10) diez días de haberse emitido la *Resolución*. Ordenanza Municipal Núm. 15.

### III.

En el caso de autos, el señor Olivo Cruz alegó que el TPI debió relevarlo de las multas de tránsito que le fueron impuestas. Ello, toda vez que no infringió las disposiciones de la Ley Núm. 22-2000.

Luego de un examen sosegado del expediente ante nos, y en correcta práctica apelativa, colegimos que nos abstenemos de ejercer nuestra función revisora y, de intervenir con la determinación del foro primario.

Tras un análisis sigiloso sobre los planteamientos que el peticionario presentó ante esta Curia, concluimos que el TPI no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la *Resolución sobre Recurso de Revisión de multa administrativa de tránsito* instada por el peticionario que amerite nuestra intervención. El TPI cumplió con la normativa vigente, en cuanto a concederle un debido proceso de ley al señor Cruz Olivo con respecto a la impugnación de las multas de tránsito.

Por otro lado, le aclaramos al peticionario que de un proyecto de ley no surge una obligación legal toda vez que es una propuesta de un legislador para que sea considerada por la Rama Legislativa.

A la luz de lo esbozado, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV.**

Por los fundamentos que anteceden, denegamos la expedición del auto de *certiorari*.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones